1
2
3
4
5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

JOHNDELL HENDERSON,

     Plaintiff,

    v.

A. HEDGPETH, et al.,

     Defendants.

Case No.  14-cv-01857-JST (PR)

**ORDER OF DISMISSAL WITH
PARTIAL LEAVE TO AMEND**

12
13
14
15
16
17
18

     Plaintiff Johndell Henderson, an inmate at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983, complaining that SVSP is violating the religious rights of its Muslim inmates.  He brings this action on behalf of himself and twenty-two other SVSP inmates, and he states that he seeks to proceed by way of a class action.  By separate order, plaintiff has been granted leave to proceed in forma pauperis.  His complaint is now before the court for review under 28 U.S.C. § 1915A.

19

**BACKGROUND**

20
21
22
23
24
25
26
27
28

     The complaint alleges the following:

     On April 8, 2013, plaintiff submitted a group appeal at SVSP alleging that SVSP was refusing to provide religious services and make religious purchases for Muslim inmates. Specifically, according to plaintiff, SVSP staff have prevented Muslim inmates from assembling for mandatory Friday prayer; have not hired a full-time Muslim chaplain; have not purchased any Holy Quran's, prayer rugs, religious books, or prayer oils; have denied Muslims five daily prayers in congregation as required by their religion; have prevented Muslim inmates from observing breaking of the fast together during the month of Ramadan; and have denied Muslim religious packets to order Halal.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On June 30, 2013, plaintiff submitted a group appeal at SVSP alleging that SVSP had

2    issued a memorandum on June 7, 2013 that altered the prison's protocols for observing the Muslim

3    religious observance of Ramadan.  Specifically, according to plaintiff, Muslim inmates are served

4    regular meals (not certified Halal meals) at a later time of the day during Ramadan; are not given

5    certified Halal meals that have not been altered; are being served on paper trays; and are

6    prohibited from breaking their fast together and making the mandatory congregational prayer.

7    Plaintiff also alleged in his appeal that non-Muslim inmates and staff are being authorized to

8    prepare and serve Muslim inmate meals, and the Community Resource Manager is not allowing

9    Muslim inmates to choose other Muslim inmates to prepare and serve the meals for Ramadan.

10   Plaintiff alleges violations of his First and Fourteenth Amendment rights as well as his

11   rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

12   § 2000cc-1.

13                                          **DISCUSSION**

14   A.    Standard of Review

15   A federal court must conduct a preliminary screening in any case in which a prisoner seeks

16   redress from a governmental entity or officer or employee of a governmental entity.  See 28

17   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

18   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

19   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

20   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

21   Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

22   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

23   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

24   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

25   which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in

26   order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

27   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

28   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

1   Factual allegations must be enough to raise a right to relief above the speculative level." Bell

2   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

3   must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6   the alleged violation was committed by a person acting under the color of state law.  See West v.

7   Atkins, 487 U.S. 42, 48 (1988).

8   B.   Legal Claims

9        "Inmates retain the protections afforded by the First Amendment, 'including its directive

10  that no law shall prohibit the free exercise of religion.'"  Shakur v. Schriro, 514 F.3d 878, 883-84

11  (9th Cir. 2008) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)).  In order to

12  establish a free exercise violation, a prisoner must show a defendant burdened the practice of his

13  religion, by preventing him from engaging in activities he sincerely believes are mandated by his

14  faith, without any justification reasonably related to legitimate penological interests.  See Shakur,

15  514 F.3d at 884-85.

16       The Equal Protection Clause of the Fourteenth Amendment requires that an inmate who is

17  an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith

18  comparable to the opportunity afforded fellow prisoners who adhere to conventional religious

19  precepts," Cruz v. Beto, 405 U.S. 319, 322 (1972).  In order to establish an equal protection

20  violation, a prisoner must show he was treated differently than other similarly-situated prisoners,

21  without any justification reasonably related to legitimate penological interests.  See Shakur, 514

22  F.3d at 891.

23       Inmates' religious freedoms also are protected by the Religious Land Use and

24  Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.  Section 3 of RLUIPA provides:

25  "No government shall impose a substantial burden on the religious exercise of a person residing in

26  or confined to an institution, as defined in section 1997 [which includes state prisons, state

27  psychiatric hospitals, and local jails], even if the burden results from a rule of general

28  applicability, unless the government demonstrates that imposition of the burden on that person

United States District Court
Northern District of California

3

1   (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of

2   furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA

3   claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his

4   religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great

5   restriction or onus upon such exercise." San Jose Christian College v. Morgan Hill, 360 F.3d

6   1024, 1034 (9th Cir. 2004).

7       The complaint has several defects and will be dismissed with partial leave to amend:

8       First, plaintiff has no standing to complain about problems experienced by another inmate.

9   "[A] litigant appearing in propria persona has no authority to represent anyone other than himself."

10  Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Plaintiff's allegations that suggest he

11  wants to pursue a class action are dismissed because pro se prisoner plaintiffs are not adequate

12  class representatives able to fairly represent and adequately protect the interests of a class. See

13  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Griffin v. Smith, 493 F. Supp. 129,

14  131-32 (W.D.N.Y. 1980). The dismissal is without prejudice to the other twenty-two plaintiffs

15  filing new and separate actions on their own behalf. This action will be limited to plaintiff

16  Johndell Henderson's individual claims only.

17      Second, the Court cannot discern what facts plaintiff is basing his claims on. Plaintiff's

18  allegations fail to state clearly what happened, when it happened, what each defendant did, and

19  how those actions or inactions rise to the level of a federal constitutional violation. For the most

20  part the complaint refers to and recites the grievances plaintiff put forth in his inmate appeals,

21  apparently as a way to explain his problem. Plaintiff also attaches the grievances as exhibits to his

22  complaint. The Court will not read through exhibits to piece together a claim for a plaintiff who

23  has not pled one. The lack of detail prevents the Court from determining which claims deserve a

24  response and from whom, and also prevents individual defendants from framing a response to the

25  complaint. In his amended complaint, plaintiff must specifically identify what each named

26  defendant did or did not do in order to state a claim with regard to each separate claim. Sweeping

27  conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group

28  (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each

United States District Court
Northern District of California

4

1   of them to his claims by explaining what each involved defendant did or failed to do that caused a

2   violation of his rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff is

3   cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the

4   theory that one is responsible for the actions or omissions of an employee.  Liability under § 1983

5   arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d

6   1040, 1045 (9th Cir. 1989).

7         Finally, the complaint is deficient because plaintiff failed to use the court form complaint,

8   which requires plaintiff to provide specific screening information, including a showing that he has

9   administratively exhausted his claims.  Plaintiff must file an amended complaint using the court

10  form, though he may attach additional pages to the form.

**CONCLUSION**

12        For the foregoing reasons, the Court hereby orders as follows:

13        1.    Plaintiff's class action allegations and claims are DISMISSED without leave to

14  amend.

15        2.    Plaintiff's individual allegations and claims are DISMISSED with leave to amend.

16        3.    If plaintiff can cure the pleading deficiencies described above, he shall file a FIRST

17  AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed.  The amended

18  complaint must include the caption and civil case number used in this order (C 14-1857 JST (PR))

19  and the words FIRST AMENDED COMPLAINT on the first page.  **Failure to file an amended**

20  **complaint within thirty days and in accordance with this order will result in a finding that**

21  **further leave to amend would be futile, and this action will be dismissed.**

22        4.    Plaintiff is advised that the amended complaint will supersede the original

23  complaint and all other pleadings.  Claims and defendants not included in the amended complaint

24  will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012)

25  (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require

26  that they be repled in a subsequent amended complaint to preserve them for appeal.  But for any

27  claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

28        5.    It is plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court

United States District Court
Northern District of California

1   informed of any change of address by filing a separate paper with the Clerk headed "Notice of

2   Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so

3   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

4   Procedure 41(b).

5        6.     The Clerk shall send plaintiff a blank civil rights form along with his copy of this

6   order.

7        **IT IS SO ORDERED.**

8   Dated: September 8, 2014

9

10



     JON S. TIGAR
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California