UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN HERNANDEZ, et al.,<br>　　　　Defendants. | Case No.  14-cv-01857-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff Johndell Henderson, a Muslim inmate at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983, complaining that SVSP is violating the religious rights of its Muslim inmates.  Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

Plaintiff's amended complaint alleges that SVSP personnel have suppressed his religion while favoring other religions.  Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.  Based on these claims, plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

   1.   Religious Claims

"Inmates retain the protections afforded by the First Amendment, 'including its directive that no law shall prohibit the free exercise of religion.'" Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in activities he sincerely believes are mandated by his faith, without any justification reasonably related to legitimate penological interests. See Shakur, 514 F.3d at 884-85.

The Equal Protection Clause of the Fourteenth Amendment requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith

comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," Cruz v. Beto, 405 U.S. 319, 322 (1972). In order to establish an equal protection violation, a prisoner must show he was treated differently than other similarly-situated prisoners, without any justification reasonably related to legitimate penological interests. See Shakur, 514 F.3d at 891.

Inmates' religious freedoms are also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." San Jose Christian College v. Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).

The amended complaint includes allegations that SVSP personnel have denied plaintiff five daily prayers in congregation as required by his religion and have prevented Muslim inmates from assembling for mandatory Friday prayer and from participating in Ramadan. The amended complaint also includes allegations that the prison's Muslim community has not been provided with a qualified Muslim chaplain or with religious artifacts such as Holy Quran's, prayer rugs, and religious books and that plaintiff is not permitted to make purchases from Muslim vendors. Finally, plaintiff contends that the prison has prevented him from starting a Muslim resource group to raise funds for religious purchases despite allowing similar groups for Christian inmates.

Giving it the liberal construction to which it is entitled, the pro se complaint states cognizable claims for a violation of plaintiff's First Amendment right to the free exercise of religion, Fourteenth Amendment equal protection rights, and rights under RLUIPA. The

3

complaint adequately links defendants SVSP Community Resource Manager Carolyn Hernandez, Correctional Counselor II E. Medina, and Chief Deputy Warden W.L. Muniz to the claims.

### 2. Food-Related Claims

Plaintiff also urges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him food that he could eat consistent with his religious beliefs.  Specifically, plaintiff alleges that Ramadan dinners are prepared by non-Muslims and are passed out hours before it is time to break the fast, forcing him to eat cold dinners every night of Ramadan.  Plaintiff also alleges that Muslim inmates are denied the ceremonial Halal foods normally eaten at the religious ceremonies of Eid al-Adha and Eid al-Fitr and instead are provided regular prison meals prepared by non-Muslims.  The allegations fail to state an Eighth Amendment claim.  See Graves v. Arpaio, 623 F.3d 1043, 1050 (9th Cir. 2010).  See also LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) ("[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation") (quoting Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).  Accordingly, the Eighth Amendment claim is DISMISSED.  Plaintiff's food-related allegations do, however, state cognizable claims for violation of his First Amendment right to the free exercise of religion as well as his rights under RLUIPA as against Hernandez, Medina, and Muniz.  The allegations do not state a Fourteenth Amendment equal protection claim as plaintiff admits that all inmates were served the regular prison menu at the same time, and nowhere contends that he was treated differently than other similarly-situated prisoners in relation to food service.

### 3. Housing Claim

Plaintiff claims that the prison has refused to allow Muslim inmates to all be housed in the same building.  The allegations fail to state a cognizable claim.  Under the circumstances alleged in the complaint, the Court has no authority to determine where other inmates are housed.  Accordingly, the housing claim is DISMISSED.

### 4. Other Defendants

In his original complaint, plaintiff also named the following individuals as defendants:  A.

4

Hedgpeth, R. Grounds, V.J. Solis, B. Hendricks, E. Moore, M. Moore, Joel Young, and M. Herra. The amended complaint includes no facts whatsoever linking these defendants to any of plaintiff's claims. Accordingly, they are DISMISSED from the action.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint, liberally construed, states cognizable claims under § 1983 for violations of plaintiff's First Amendment religious freedom, Fourteenth Amendment equal protection, and RLUIPA.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (Docket No. 13), and a copy of this order upon the following defendants at SVSP: Community Resource Manager Carolyn Hernandez, Correctional Counselor II E. Medina, and Chief Deputy Warden W.L. Muniz.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

---

[1] With regard to the dismissed claims and defendants, further leave to amend will not be granted as plaintiff has already amended once, and it appears that further amendment would be futile.

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

 (The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

  5. All communications by plaintiff with the Court must be served on defendants'

---

1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

6

counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

10. The Clerk shall terminate the following defendants from this action: A. Hedgpeth, R. Grounds, V.J. Solis, B. Hendricks, E. Moore, M. Moore, Joel Young, and M. Herra.  The Clerk is further directed to add E. Medina as a defendant on the docket in this action.

**IT IS SO ORDERED.**

Dated: January 23, 2015

_____
JON S. TIGAR
United States District Judge