UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>W. L. MUNIZ, et al.,<br><br>Defendants. | Case No. 14-cv-01857-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY OR RESCIND PARTIAL SUMMARY JUDGMENT ORDER AND FOR LEAVE TO AMEND**<br><br>Re: ECF No. 126 |

Before the Court is Plaintiff Johndell Henderson's motion to modify or rescind the partial summary judgment order and for leave to amend his complaint. ECF No. 126. The Court will grant the motion in part and deny the motion in part.

## I. BACKGROUND

Plaintiff, Johndell Henderson, is an inmate at Salinas Valley State Prison ("SVSP") with no formal legal training. ECF No. 126 at 2. Henderson filed this action as a pro se litigant against various prison officials on April 23, 2014. ECF No. 1. The Court issued an order of dismissal with partial leave to amend on September 8, 2014. ECF No. 12. Henderson filed an amended complaint on October 17, 2014. ECF No. 13. Henderson alleges violations of his federal and constitutional rights to practice his religion, Al Islam. *See* ECF No. 13; ECF No. 126 at 2.

The Court referred this case to the Federal Pro Bono Project on February 22, 2018. ECF No. 114. Pro bono counsel was appointed on March 5, 2018. ECF No. 117. Pro bono counsel filed the instant motion on June 22, 2018. ECF No. 126. Henderson asks the Court to modify or rescind the summary judgment order and for leave to amend his complaint and allow him to file a second amended complaint. *Id.* at 2.

## II. REQUEST TO MODIFY OR RESCIND THE SUMMARY JUDGMENT ORDER

This Court has previously issued two orders granting in part and denying in part Defendants' summary judgment motions. ECF Nos. 70, 103. In its July 20, 2016 order, the Court dismissed with prejudice Henderson's individual-capacity RLUIPA claims; Henderson's official-capacity claims for monetary damages; and claims against Warden Muniz and Counselor Medina arising out of the failure to provide hot meals Ramadan prepared and served by Muslim inmates. *See* ECF No. 70. In that same order, the Court dismissed without prejudice to re-filing after complying with the PLRA's exhaustion requirement the claims that Defendants prohibited Henderson from making purchases from Muslim vendors; prohibited him from starting a Muslim resource group; and denied him the ceremonial halal foods normally eaten at the religious ceremonies of Eid al-Adha and Eid al-Fitr. *See* ECF No. 70; ECF No. 103 at 2.

In the November 27, 2017 order, the Court granted summary judgment for Defendants with respect to Henderson's claims regarding religious artifacts and the Muslim chaplain, with respect to his equal protection claims, with respect to his First Amendment claims regarding Ramadan meals prepared and served by Muslim inmates, and with respect to his RLUIPA claims regarding observing the Rituals of Iftar; daily prayers; and Ramadan meals prepared and served by Muslim inmates. ECF No. 103 at 27. The current remaining claims are: (1) Henderson's First Amendment claim regarding congregational prayer (Jumu'ah prayers, daily prayers, and Rituals of Iftar) and hot Ramadan meals; (2) Henderson's RLUIPA claims regarding Jumu'ah prayers and hot Ramadan meals. ECF No. 103 at 27.

Henderson now asks the Court to modify or rescind the summary judgment order so that he can revive claims that have been previously dismissed with prejudice. *See* ECF No.126 at 4; *see, e.g.*, ECF No. 126-2, Proposed Second Amended Complaint ¶ 27 - ¶ 30 (alleging that artifacts of Islam have been continuously denied to Plaintiff); ¶ 75- ¶ 79 (alleging violations of the Fourteenth Amendment). Henderson cites no authority for the request beyond the Court's "inherent authority to reconsider, rescind or modify an interlocutory order for cause seen by it to be sufficient." ECF No. 126 at 5 (citing *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)).

*City of Los Angeles* does indeed stand for the cited proposition. In that case, the district court rescinded its prior order certifying a case for interlocutory appeal, concluding that it had made a mistake. The Ninth Circuit upheld the court's rescission of its own order. The basis of the Ninth Circuit's holding was that a trial court should be able to correct a prior order when it concludes it has made a mistake. *See, e.g., Angeles v. US Airways, Inc.*, No. C 12-05860 CRB, 2017 WL 565006, at *4 (N.D. Cal. Feb. 13, 2017) (citing *City of Los Angeles*, concluding that the court should have granted an earlier motion for judgment on the pleadings, and noting that "the law of the case doctrine does not preclude it from correcting an erroneous ruling if justice so requires").

*City of Los Angeles* does not apply here for two reasons. First, *City of Los Angeles* affirms the power of trial courts to correct their own mistakes, but it does not create a right of parties to bring a motion for the court to correct or change its orders. Second, the Court did not make a mistake, and Henderson does not argue otherwise. He argues instead that the Court would rule differently if Henderson could submit a different opposition. The appropriate mechanism, if any, for such a request is a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Accordingly, Henderson's request to modify or rescind the summary judgment order based on the Court's inherent authority is denied.

## III. REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT

Requests to modify a scheduling order made after the Court has set a timetable for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent,

3

the inquiry should end." *Id.* (internal citations omitted); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Henderson asks for leave to file a second amended complaint because he was previously pro se, but has now retained counsel through the Federal Pro Bono Project. ECF No. 126 at 2. To the extent that Henderson seeks to add factual allegations to claims that are currently at issue or to bring claims that were never previously brought or dismissed without prejudice, the Court concludes that Henderson has demonstrated good cause and diligence. Henderson's reason for seeking amendment – his of counsel – does not demonstrate any delay on his part.

Additionally, the *Foman* factors weigh in favor of granting Henderson's motion to amend, to the extent that he does not seek to revive claims in which judgment has been entered against him. Rule 15's policy of favoring amendments to pleadings should be applied even more liberally to pro se litigants. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Nevertheless, Defendants argue that granting leave would cause prejudice because they "have been litigating this case for over three years, devoting over 850 hours of billed time, thereby winnowing case [sic]

4

1 down to its current size." ECF No. 127 at 6. Defendants fail to show how allowing Henderson to
2 supplement existing claims and/or bring claims where judgment has not been entered would cause
3 them substantial prejudice, especially given that discovery remains open until December 28, 2018.
4 *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (internal
5 citation omitted) ("Neither delay resulting from the proposed amendment nor the prospect of
6 additional discovery needed by the non-moving party in itself constitutes a sufficient showing of
7 prejudice.").

8 The remaining *Foman* factors also do not weigh against amendment. There is no evidence
9 of bad faith. As discussed above, there has been no showing that Henderson unduly delayed in
10 seeking leave to amend given his appointment of counsel, or that granting the motion will
11 substantially prejudice Defendants. Defendants argue that amendment would be futile because the
12 proposed second amended complaint is deficient. ECF No. 127 at 6. Defendants contend that the
13 proposed amended complaint fails to link specific actions to the defendants. *Id.* "Under Rule
14 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
15 of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Allen v.*
16 *Bayshore Mall*, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (*quoting*
17 *Foman*, 371 U.S. at 182). For this reason, denial of a motion for leave to amend on the ground of
18 futility "is rare and courts generally defer consideration of challenges to the merits of a proposed
19 amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*
20 *v. Upton,* 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp*., 212
21 F.R.D. 534, 539 (N.D. Cal. 2003)). At this point, without the benefit of formal briefing on
22 whether Henderson's proposed second amended complaint sufficiently links specific actions to
23 specific defendants, the Court cannot say as a matter of law that amendment would be futile.
24 Accordingly, the Court will not deny leave to amend on that basis.

### CONCLUSION

26 The motion to modify or rescind the partial summary judgment order is denied. Henderson
27 may not revive claims in which judgment has been entered against him. The motion for leave to
28 amend the complaint is granted, but only with respect to claims where judgment has not been

entered.

**IT IS SO ORDERED.**

Dated: December 4, 2018

_____
JON S. TIGAR
United States District Judge