1 | XAVIER BECERRA
Attorney General of California
2 | WILLIAM C. KWONG
Supervising Deputy Attorney General
3 | JEFFREY THOMAS FISHER, State Bar No. 303712
IAN MICHAEL ELLIS, State Bar No. 280254
4 | Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-7004
Telephone: (415) 510-3567
6 | Fax: (415) 703-5843
E-mail: Jeffrey.Fisher@doj.ca.gov
7 | *Attorneys for Defendants C. Hernandez, M. Hodges,
J.D. Lozano, and W. L. Muniz*

MICHAEL MELENDEZ, State Bar No. 125895
9 | TERI MAE RUTLEDGE, State Bar No. 261229
Cozen O'Conner
10 | 101 Montgomery Street, Suite 1400
San Francisco, CA 94104
11 | Telephone: (415) 593-9616
Fax: (415) 415-692-3737
12 | E-mail: trutledge@cozen.com
*Attorneys for Plaintiff Johndell Henderson*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHNDELL HENDERSON,** | Case No. 14-1857 JST (PR) |
| Plaintiff, | **STIPULATED MOTION TO CONTINUE THE CASE SCHEDULE; AND** |
| v. | **[PROPOSED] ORDER ADOPTING NEW CASE SCHEDULE** |
| **C. HERNANDEZ, et al.,** | Judge: The Honorable Jon S. Tigar |
| Defendants. | Trial Date: August 26, 2019 |
| | Action Filed: April 23, 2014 |

Defendants Hernandez, Hodges, Lozano, and Muniz, joined by Plaintiff Henderson, by and through their attorneys, file this Stipulated Motion to Continue the Case Schedule under Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rules 7-12, 7-13, and 16-2(d).

1

## RELEVANT PROCEDURAL BACKGROUND

This 42 U.S.C. § 1983 action concerns alleged violations of Plaintiff's rights under the First Amendment to the United States Constitution and the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. (ECF No. 15.) The Court partially granted and partially denied Defendants' motions for summary judgment (ECF No. 70; ECF No. 105) before appointing pro-bono counsel for Plaintiff. (ECF No. 117.)

In May 2018, the parties filed a stipulated case-management statement and a proposed case schedule (ECF No. 121), which the Court adopted in a May 30, 2018 Scheduling Order (ECF No. 124). That schedule set, among other dates, the fact discovery cutoff for December 28, 2018.

On June 22, 2019, Plaintiff moved for leave to modify or rescind the Court prior summary judgment rulings in this matter and for leave to file an amended complaint. (ECF No. 126.) Defendants opposed the motion. (ECF No. 127.)

On December 3, 2018, the parties filed a stipulated motion to extend the case schedule. (ECF No. 130.) That motion sought to extend the fact-discovery cutoff to March 1, 2019, but to leave the scheduled trial date undisturbed. (*Id.* at 2.) The Court signed and granted the parties' stipulation that same day. (ECF No. 131 at 3.) And, two days later, on December 5, the Court granted in part and denied in part Plaintiff's June 22 motion for leave. (ECF No. 132.)

Plaintiff's counsel sent Defendants a draft of their proposed Second Amended Complaint (SAC) on January 16. The parties conferred by email regarding the SAC's contents for roughly one week in an effort to minimize the need for subsequent motion practice. On January 30, Plaintiff filed the SAC, which added two new Defendants to this action. (ECF No. 133.) The fact-discovery cutoff is currently March 1, 2019.

## GOOD-FAITH REQUEST FOR CASE-SCHEDULE MODIFICATION

The parties aver that, until the Court's December 5, 2018 order, there remained a pending motion that could re-define the scope of discovery in this action. The parties further aver that, until Plaintiff could craft a Second Amended Complaint based on the Court's guidance in that December 5, 2018 order (ECF No. 132), the scope of discovery remained uncertain. The parties further agree that the uncertainty about the scope of this case prevented them from formulating

and executing targeted discovery in this matter. Consequently, both parties propounded their most relevant discovery requests in January 2019, and bureaucratic and institutional restrictions will make fully responding to that discovery within the current discovery timeframe infeasible.

The parties believe that the events described above, particularly the Court's ruling on Plaintiff's motion for leave, Plaintiff's subsequent filing of the SAC, and the recent discovery exchanged by the parties, constitute good cause for continuing the schedule in this case. The parties propose to continue the schedule as outlined below in order to permit necessary discovery.

## PROPOSED CASE-SCHEDULE MODIFICATION

The Parties stipulate to, and respectfully request of the Court, the following modification of the Case Management deadlines:

| Event | Currently Scheduled Date | Proposed Modification |
|---|---|---|
| Fact-Discovery Cut Off | March 1, 2019 | June 7, 2019 |
| Expert Disclosures & Expert Reports Due | March 15, 2019 | June 28, 2019 |
| Rebuttal Expert Disclosures & Rebuttal Reports Due | March 29, 2019 | August 30, 2019 |
| Expert-Discovery Cut Off | April 12, 2019 | ~~August 23, 2019~~ July 26, 2019 |
| Summary-Judgment Deadline | May 3, 2019 | October 25, 2019 |
| Pretrial Conference Statement Due | July 26, 2019 | January 24, 2020 |
| Pretrial Conference | August 2, 2019 at 2:00 p.m. | January 31, 2020 at 2:00 p.m. |
| Trial[1] | August 26, 2019 at 8:30 a.m. | February 24, 2020 at 8:00 a.m. |

---

[1] The parties have proposed a new trial date in February 2020 in part to accommodate defense counsel Jeffrey Fisher, who presently has another trial scheduled before your Honor in December 2019 in the matter of *Hunter v. Sokoloff*, Case No. C 14-05031-JST (PR).

| | | |
|---|---|---|
| 1 | Dated: February 11, 2019 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | WILLIAM C. KWONG<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | /s/ __*Jeffrey T. Fisher*_____<br>JEFFREY T. FISHER |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendants C. Hernandez,*<br>*M. Hodges, J.D. Lozano, and W. L. Muniz* |
| 8 | | |
| 9 | | |
| 10 | Dated: February 11, 2019 | /s/ __*Teri May Rutledge*_____<br>Teri Mae Rutledge |
| 11 | | Cozen O'Conner, LLP<br>*Attorney for Plaintiff Johndell Henderson* |

### ATTESTATION OF CONCURRENCE IN FILING

In accordance with Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the signatories hereto.

| | | |
|---|---|---|
| Dated: February 11, 2019 | By: | /s/ Jeffrey Fisher |
| | | Jeffrey T. Fisher |
| | | *Attorney for Defendants* |

### [~~PROPOSED~~] ORDER

The Court finds that the parties' motion to continue the case schedule is supported by GOOD CAUSE and, on that basis, the Court GRANTS that parties' motion. Further, the Court has reviewed the parties' proposed changes to case schedule and APPROVES them~~.~~ as modified.

IT IS SO ORDERED.

Date: February 13, 2019            _____
                                    The Hon. Jon S. Tigar, District Judge